UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EDWARD M. SZAREK,

                            Plaintiff,

          -against-

THE LONG ISLAND RAILROAD COMPANY,

                            Defendant.
----------------------------------------X

18-CV-713

<u>**COMPLAINT**</u>

PLAINTIFF DEMANDS
<u>TRIAL BY JURY</u>

Plaintiff, **EDWARD M. SZAREK**, complaining of defendant, by his attorneys, **LAW OFFICE OF PHILIP P. VOGT, PLLC**, respectfully shows to this Court and alleges, upon information and belief:

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>

**FIRST:**  The action herein arises under the Federal Employers' Liability Act, Title 45, United States Code Annotated, §§51-60, as hereinafter more fully appears.

**SECOND:**  At all times herein mentioned, the defendant, The Long Island Railroad Company (hereinafter "LIRR"), was a railroad corporation organized and existing under and by virtue of the laws of the State of New York.

**THIRD:**  At all times herein mentioned, the defendant, LIRR, was and still is doing business in the County of Queens, City and State of New York.

**FOURTH:**  At all times herein mentioned, the defendant, LIRR, was and now is a common carrier by rail engaged in

1

interstate commerce between different states in the United States

**FIFTH:** On **July 18, 2017,** and for some time prior thereto, plaintiff, **EDWARD M. SZAREK**, was in the employ of the defendant LIRR, in the capacity of an Electrician.

**SIXTH:** On the date aforesaid, plaintiff was working at the Mineola Electrical Substation in Mineola, New York which premises was owned by defendant.

**SEVENTH:** On the date aforesaid, plaintiff was working at the place aforesaid which was operated by defendant.

**EIGHTH:** On the date aforesaid, a certain vehicle designated as Vehicle 72P was then and there being operated by John Elliffe who was employed by defendant as an LIRR Electrician.

**NINTH:** On the date aforesaid, plaintiff was working at the place of the occurrence and said motor vehicle herein were controlled by defendant.

**TENTH:** On the date aforesaid, while plaintiff was working at the area described in Paragraph "SIXTH" above, he was caused to injured when he was pinned between Vehicle No. 72P and a Conex Container situated at said location causing him to be hurt and injured by and because of the negligence of defendant, its agents, servants and/or employees, and he thereby sustained severe and painful injuries.

**ELEVENTH:** Plaintiff's duties generally in defendant LIRR's, employ were substantially in furtherance of interstate commerce, and directly, closely and substantially affected such commerce.

**TWELFTH:** At the time of the said occurrence, plaintiff was engaged in duties for defendant LIRR in furtherance of interstate commerce, said duties directly, closely and substantially affecting such commerce.

**THIRTEENTH:** Said occurrence and the injuries resulting therefrom were the result of the negligence of defendant, its agents, servants and employees in the following respects: in that employees of defendant were careless and negligent in the performance of their duties; in that defendant's employees were negligent in the operation and work of defendant's railroad business; in that defendant maintained its railroad equipment in an improper, defective and dangerous condition; in that defendant failed to provide plaintiff with a safe place in which to work and with safe equipment and safe work methods with which to work; in that employees of defendant failed to take proper precautions to prevent the injury sustained by plaintiff; in that defendant failed to make proper and adequate provision for the safety of plaintiff; in that defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the

3

work and operation of its railroad; in failing to guard against those risks and/or dangers which defendant knew or by the exercise of due care should have known; in failing to exercise reasonable care to provide plaintiff with a safe place to work, reasonably safe conditions in which to work and reasonably safe tools, work methods and equipment; in failing to inspect the place of work and work procedure; in failing to exercise reasonable care in assigning this particular task to plaintiff; in failing to consider the plaintiff's particular physical condition before assigning the tasks to him; in negligently instructing the plaintiff to perform tasks with a number of men and/or a procedure or method which would result in injury; in causing, allowing, suffering and/or permitting said workplace to be and remain in an unsafe, dangerous, precarious and dangerous condition; in failing to warn plaintiff of the dangers associated with the prescribed work method being employed; in failing to perform a job safety analysis before directing the plaintiff to perform the assigned task; in failing to provide proper tools such as two-way radio or signal flags to use to assist the operator of Vehicle 72P park said vehicle; in failing to properly supervise and instruct the plaintiff while he was performing the assigned work task; in failing to provide parking garage-driveway mirrors at the location which the operator of vehicle 72P could use to park said vehicle at that location

without assistance; in failing to equip said vehicle with adequate mirrors to permit the operator of vehicle 72P to park said vehicle at that location without assistance; in failing place bumper guides on vehicle 72P to prevent accidental contact with the container in failing to place safety cone around the Conex Container to prevent accidental contact with the container; in failing place bumper guides around the Conex Container to prevent accidental contact with the container; in failing to provide a parking spot at said location of sufficient size to permit the operator to safely park the vehicle without the need of assistance; in failing to provide markings on the ground by which the operator of a vehicle could drive the vehicle into the parking spot without assistance; in placing the Conex Container too close to the parking spot; in placing the Conex Container too close to the travel lane; in placing the Conex Container in a spot where it interfered with safe movement of the vehicle; in causing, allowing, suffering and or permitting the vehicle to pin the plaintiff between it and the Conex Container; in failing to heed the plaintiff's directions; in failing to heed the plaintiff's warnings; in failing to warn the plaintiff of the dangers associated with performing the assigned work task in a confined space; in failing to provide a straight path to parking spot; in failing to provide a flat surface to said parking spot; in violating its own safety rules

and regulations and accustomed practice in the industry including LIRR Safety Rules 1.01.1 in failing to protect fellow employees; 1.01.6 in failing to make sure employee was familiar with and complied with all safety rules; in failing to inform plaintiff of the unusual hazard at said work site; in failing to continuously supervise the work for compliance with safe work practices; 1.02.2(3) in failing to assess the work area for hazards and the need for protective equipment; 1.01.18(3) in designating a parking spot without adequate clearance; 100.0.1 in failing to create a safe work environment; 100.0.4 in failing to keep the work area clean, orderly and free of unprotected hazards; 100.0.9 in failing to be alert; 200.1.2 in failing to comply with verbal warnings; 200.1(3) in failing to warn of unsafe conditions; 200.3.1 in failing to ensure work was done in a safe manner, 200.3.2 in failing to observe and correct or instruct the plaintiff, 200.3.3 in failing to warn and continuously observe and supervise the work, 200.3.4 in failing to instruct the plaintiff about the potential hazard prevailing at said location; 300.3, in failing to inspect the work site for dangerous conditions and take action to prevent harm; 1500.2 in failing to be aware of pedestrians; in failing to keep a clear view of the path; in driving toward a pedestrian standing in front of a fixed object; 29 CFR Sections 1926.20(b)(2); 1926.20(b)(4) in allowing the vehicle to be operated by a driver

who was not qualified by experience or training to park the vehicle in that spot; in failing to perform adequate inspection of the job site; 1926.21(b)(2) in failing to instruct the plaintiff in the recognition and avoidance of unsafe conditions; 1926(b)(6)(i) in failing to instruct the plaintiff in the nature of the hazard associated with the confined space prevailing at said location.

**FOURTEENTH:** Said occurrence and the injuries resulting therefrom were due wholly and solely to the negligence of defendant, its agents, servants and employees, and the defects in defendant's property and equipment as aforesaid, without any fault or negligence on the part of plaintiff contributing thereto.

**FIFTEENTH:** By reason of the premises, plaintiff was severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sore, lame and disabled, and will be permanently injured; has lost and will lose in the future sums of money which he otherwise would have earned; has been compelled to spend sums of money and incur liability for medical treatment and medicine, and will incur such expenses in the future.

**SIXTEENTH:** By reason of the premises, plaintiff has been damaged in the sum which exceeds the minimum jurisdictional requirements of this Court.

7

**SEVENTEENTH:** Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff **EDWARD M. SZAREK** hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

**WHEREFORE**, plaintiff demands judgment against the defendant on each cause of action in a sum which exceeds the minimum jurisdictional requirements of this Court, together with the costs and disbursements of this action.

Dated: New York, New York
       February 1, 2018

                                      Respectfully submitted,

                                      LAW OFFICE OF PHILIP P VOGT PLLC
                                      Attorneys for Plaintiff

                                By_____
                                      PHILIP P. VOGT - PV0377
                                      5 Penn Plaza - 23rd Floor
                                      New York, New York 10001
                                      212-835-1640
                                      PhilipPVogt@PVogtlaw.com